IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**PETER GRAVES**                                                 **PETITIONER**
**Reg #26784-076**

**V.**                      **CASE NO. 2:20-CV-196-LPR-BD**

**DEWAYNE HENDRIX,**
**Warden**                                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Mr. Graves may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Graves does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.   Background

In December 2017, a federal jury found Petitioner Peter Graves guilty of one count of attempted witness tampering and not guilty on one count of being a felon in possession of a firearm. *United States v. Graves*, 806 F. App'x 414, 415 (6th Cir. 2020); *United States v. Graves*, Case No. 1:16-CR-10080-STA-1 (W.D. Tenn. Dec. 19, 2017). In May 2018, United States Chief District Judge S. Thomas Anderson sentenced Mr. Graves to

eighty-two months in the Bureau of Prisons (BOP). *United States v. Graves*, Case No. 1:16-CR-10080-STA-1 (W.D. Tenn. May 8, 2018).

After his counsel failed to file a timely notice of appeal, Mr. Graves filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Graves v. United States*, Case No. 1:18-CV-1256-STA-egb (W.D. Tenn. Dec. 26, 2018). In February 2019, Chief Judge Thomas granted the § 2255 motion, vacated the May 2018 sentence, and entered an amended judgment so that Mr. Graves could timely appeal his sentence. *Graves v. United States*, Case No. 1:18-CV-1256-STA-egb (W.D. Tenn. Feb. 21, 2019). In the amended February 2019 judgment, Mr. Graves was again sentenced to eighty-two months in the BOP on one count of attempted witness tampering. *United States v. Graves*, Case No. 1:16-CR-10080-STA-1 (W.D. Tenn. Feb. 21, 2019).

Mr. Graves, through appointed counsel, filed a timely appeal of the February 2019 judgment. *Graves*, 806 F. App'x 414. As relevant to the instant matter, Mr. Graves argued that the district court improperly applied an obstruction-of-justice enhancement in determining his sentence. *Id.* at 415-16. The Sixth Circuit, noting that the district judge did not apply an obstruction-of-justice enhancement, affirmed Mr. Grave's sentence on March 24, 2020. *Id.* The Sixth Circuit also noted that Mr. Graves "did not challenge the enhancements that the district court did apply, nor did he challenge the upward departure." *Id.* Accordingly, Mr. Graves forfeited any such argument on appeal. *Id.*

On September 17, 2020, Mr. Graves moved for compassionate release with the sentencing court in the Western District of Tennessee. *States v. Graves*, Case No. 1:16-CR-10080-STA-1 (W.D. Tenn. Sept. 17, 2020). That motion remains pending.

On October 7, 2020, Mr. Graves, who is currently serving his federal sentence at the Federal Correctional Institution in Forrest City, Arkansas, filed a § 2241 petition for writ of habeas corpus asking this Court to correct his sentence. (Doc. No. 1) Mr. Graves contends that the trial court used the wrong guideline provisions in calculating his sentence. Specifically, he argues that, because the jury found him not guilty of being a felon in possession of a firearm, the judge should not have applied Federal Sentencing Guideline § 2K2.1 "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition," and instead should have applied Federal Sentencing Guideline § 2J1.2 "Obstruction of Justice." Mr. Graves states that he tried to raise this issue on direct appeal, but his appointed counsel allegedly failed to make the argument on his behalf. (Doc. No. 1 at pp. 2, 6-7)

### III.   Jurisdiction

This Court lacks jurisdiction to hear Mr. Graves's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). A federal district court may not entertain a § 2241 habeas petition unless the petitioner shows that the remedy under § 2255 is inadequate or ineffective to test the legality of his conviction or sentence. *Id.*; 28 U.S.C. § 2255(e).

Although Mr. Graves moved to vacate the May 2018 sentence under § 2255, he has not made a § 2255 motion to correct the amended February 2019 sentence.

3

Accordingly, he cannot make the requisite showing that a remedy under § 2255 would be inadequate or ineffective.[1]

## IV. Conclusion

The Court recommends that Judge Rudofsky DISMISS, without prejudice, Peter Graves's petition for writ of habeas corpus (Doc. No. 1) for lack of jurisdiction.

DATED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if Mr. Graves were able so show that he is procedural barred from filing a § 2255 motion with the sentencing court, he would still be barred from proceeding with this habeas petition. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ("It is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.") (internal quotations omitted). !